Mr. Justice Colcock
delivered the opinion of the court:
There can be no doubt that the verdict in this case wuis predicated on the opinion of the presiding judge, as to the legal character of the defendant’s possession. Where an executor enters in his representative capacity, he certainly cannot be considered as holding adversely. But whether he so entered, is a question of fact for the jury.
Besides, he has not the legal right of entry on the lands of the testator, unless they be charged with the payment bf rent, which rents may be assets in his hands. But, *392 generally speaking, the lands descend to the heir; and from the testimony in this case, it certainly did so. It was not charged with the payment of rent. It had been lying out'waste and uncultivated for nearly 30 years, and there is no reason to believe that the executor did know that it was the land of his testator at the time he obtained the grant. Indeed, it is not clear that the grant was obtained after his death ; for the time of his death is not fixed positively. It depends on the recollection of an old man, -engrossed with the ordinary concerns of life ; and it is well known how difficult it is to fix on the precise time when such a circumstance has happened again. The grant of Samuel Caldwell, (the executor,) whenever obtained, does not cover the whole of Miller’s grant. It only takes a part of it, which gives the transaction the character of a mere mistake in regard to the rights of Miller, or of any other with whose right his grant may conflict. From the testimony of Mr. Cork, it appears that the grantee of the plaintiff,- (Miller,) died about 33 years ago; according to this, (if his heir was only one year old when he died,) the heir would have been now 34, and would have been barred by any adverse possession at least nine years ago, about the time the defendant took possession — so that it is impossible to suppose that any fraud was practised or ever contemplated by the» defendant or his father. Upon the whole, all these circumstances should have been submitted to the consideration of the jury, and they should have been left to decide whether the possession was adverse.
As to the grounds of non-suit, it is only necessary to referió the cases of Turner & McCrea, (1 Nott & McCord, 11,) and Barkley & Scriven, (Ib. 408,) in which (as well as in many other cases,) it has been decided that these Irregularities cannot be taken advantage of by third per-" *393 sons. The motion for a non-suit is of course dismissed, but the motion for a new trial granted.
Peareson, for the motion.
Williams, contra.
Justices Richardson and Noll, concurred.
Mr. Justice Gantt dissented.